### BRUSIE v. PECK BROTHERS & CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

1. RES JUDICATA—QUESTIONS LITIGATED—PATENTS FOR INVENTIONS.

In an action at law to recover royalties on a patented machine one of the defenses was that defendant's machine did not infringe the patent. There were admitted in evidence three machines, one being the patented machine and the others of the kind sold by defendant; and the jury, by request, made a special finding that each of the three exhibits "substantially embody the same device or idea, and accomplish practically the same results by means of the same mechanical principles." The letters patent were not in evidence. Held, that in another action for royalties subsequently accruing this finding was not conclusive upon the question of infringement, for in determining infringement the question is whether defendant's machines embody in their structure and operation the substance of the invention described in the letters patent, which is not the same as the question determined by the jury.

2. CONTRACTS—DEPENDENT PROMISES.

The owner of a patent granted to another the sole and exclusive right to manufacture, and also to sell, except that the owner could sell machines manufactured by the grantee, paying the latter 25 per cent. profit on the cost of manufacture. The grantee agreed to manufacture the machines of good material, and use his best endeavors to introduce the same, to pay a royalty of $2 upon each machine sold, and not to sell below $15 unless the price was changed by joint agreement. The owner of the patent subsequently and without cause manufactured and sold the machines at reduced prices. Held, that the promises were dependent, and the breach by the owner warranted the grantee in abandoning the contract.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Russell Brusie against Peck Brothers & Co. to recover royalties on a patented machine. Verdict and judgment for defendant. Plaintiff brings error. Affirmed.

Robert L. Wensley and Horace Graves, for plaintiff.
Wolff & Hodge and Robert Sewell, for defendant.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is a writ of error to the circuit court for the southern district of New York, which entered judgment for the defendant upon the verdict of the jury in its favor. The important facts in the case are as follows: On August 18, 1873, the plaintiff and the defendant, a Connecticut corporation, entered into a written contract, whereby the plaintiff, who was the owner of letters patent for a lawn sprinkler, granted to the defendant the sale and exclusive right to manufacture and sell the said lawn sprinkler under said patent thereafter on the terms and conditions following: The defendant to manufacture and sell the said lawn sprinklers of good material, made in a workmanlike manner, to use its best endeavors to introduce them and increase their sale, to pay to the plaintiff, Russell Brusie, a royalty of $2 for each sprinkler known as "No. 1" so sold, and to sell said No. 1 sprinklers at a price not less than $15 each, unless said price should be changed by the joint agreement of the plaintiff and defendant. The contract also provided that said Brusie shall have the privilege of selling said sprinklers on the condition that he shall procure the same to be made by the defendant, and should pay it a profit of 25 per cent. on the cost of manufacturing the same; no royalty to be paid on the sprinklers so made by the defendant and furnished to said Brusie to be sold by him. In the following year serious differences arose between said parties. The plaintiff was of opinion that the defendant had violated its agreement, and forbade it to manufacture any more of the machines, but manufactured and sold them on his own account, at a reduced price; and the defendant thereafter manufactured and sold machines which the plaintiff regarded as an infringement of his patent.

In December, 1875, the plaintiff brought an action upon this contract against the defendant before the supreme court of the state of New York, in which both equitable and legal relief were sought. The complaint prayed for an injunction against selling infringing sprinklers, the cancellation of the contract, for damages, and an account of sales. By direction of the court the action was stricken from the equity calendar, was set down for trial as an action at law, and the question of the amount due for royalties was submitted to a jury. One of the defenses was the noninfringement of the letters patent by the new lawn sprinkler which the defendant manufactured subsequently to the alleged rescission of the contract by the plaintiff. The letters patent were not in evidence, but the question of similarity between the respective machines was tried, and the following question was submitted to the jury: "Do each of the three lawn sprinklers, Exhibits B, C, and D, substantially embody the same device or idea, and accomplish practically the same results by means of the same mechanical principles?" D was the Brusie sprinkler, B and C were the two "Peck sprinklers." The jury answered in the affirmative, and rendered a verdict for the amount of royalties which were conceded to be due, if anything was due.

This action was one at law to recover the amount of royalties alleged to be due by the manufacture of the infringing sprinkler

after December 10, 1875. The plaintiff introduced the judgment record in the case in the state court, with oral evidence of the question submitted to and answered by the jury, as conclusive evidence that the sprinkler known as "Peck's Improved," which was manufactured after the alleged rescission, was, in substance, the patented machine. The circuit judge admitted the evidence, but refused to regard it as conclusive, and submitted to the jury the question of infringement as a question of fact. Another defense was the alleged failure of the plaintiff to observe on his part the conditions contained in the contract. The circuit judge charged that if the plaintiff, without any justification arising from the previous conduct of the defendant, entered upon the market as a competitor with it in making these sprinklers, and selling them himself, he was not entitled to recover in this action, and submitted to the jury the question whether the plaintiff violated the contract without justification arising from the defendant's previous nonperformance of its agreements. The jury returned a verdict for the defendant. The assignments of error present, in various forms for review, the correctness of the action of the circuit judge, in the two particulars which have been named.

1. The conclusiveness of the judgment record in the state court. The jury found that the three lawn sprinklers embodied the same device, and accomplished the same result by means of the same mechanical principles. They did not find that the alleged infringing machines embodied in their "structure and operation the substance of the invention" described in the letters patent. Curt. Pat. § 308. The device and the mechanical principles, which were open to the public, might have been in each machine, and therefore the proper question for determination was whether mechanism constituting the invention described in and protected by the patent, and operating in substantially the same way, and producing the same result, was used in the new machines. If the invention of the letters patent was not used, it was immaterial how similar the two machines were in other respects. The question whether the invention of the patent was used by the defendant was not actually determined in the state court, although it could have been; but it is only in respect of matters actually in litigation and determined that the judgment is conclusive in another action. Cromwell v. County of Sac, 94 U. S. 351.

2. The second alleged error relates to the validity of the defense by reason of the plaintiff's unjustifiable violation of the contract. This part of the case depends upon the question whether the respective undertakings of the two parties to the contract shall be construed to be independent, so that a breach by one party is not an excuse for a breach by the other, and either party may recover damages for the injury he has sustained, or are dependent, so that a breach by one relieves the other from the duty of performance. Kingston v. Preston, Doug. 634. "Where the agreements go to the whole of the consideration on both sides, the promises are dependent, and one of them is a condition precedent to the other. If the agreements go to a part only of the consideration on both sides,

the promises are so far independent." 2 Pars. Cont. 189. By the contract which is the foundation of this suit Brusie granted to the defendant the sole and exclusive right to manufacture the patented sprinkler, and the sole right to sell, except that Brusie could sell sprinklers manufactured by the defendant, paying it 25 per cent. profit upon the cost of such manufacture. The defendant promised to manufacture sprinklers of good material, to use its best endeavors to introduce the same, to pay a royalty of $2 upon each machine sold, and not to sell below $15, unless the price was changed by joint agreement. Brusie, having manufactured and sold at reduced prices, calls upon the defendant to pay a royalty of $2 upon every machine which it sold, and to recover damages for Brusie's violation of the contract in a separate action. The contention of the plaintiff would have weight if Brusie's fulfillment of his part of the contract had not been vital to the ability of the defendant to fulfill any part of its contract. The plaintiff bound the defendant not to sell at a less price than $15, unless the price should be changed by joint agreement. He thereby impliedly promised that the price imposed upon the defendant should be maintained, unless altered by joint consent. The defendant's ability to pay the royalty depended upon noncompetition by Brusie at reduced prices. He could not become, as he did, the defendant's active competitor, lower prices without consent, and still compel the defendant to sell at not less than $15, and pay a royalty of $2 per machine. This breach by Brusie of his undertakings, when found to be unjustifiable by any previous conduct of the defendant, relieved it from the obligation which it had assumed. There was no error in the charge, and the judgment of the circuit court is affirmed.