Hook, Executrix, *v.* Hook & Ackerman, Inc.,
Appellant.

Argued October 11, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Harry Price,* with him *Charles L. Cunningham,* and *Stonecipher & Cunningham,* for appellant.

*George L. Eynon,* with him *Clarence H. Clasper,* and *Shoemaker & Eynon,* for appellee.

OPINION PER CURIAM, November 14, 1955:

These proceedings started in the court below in 1950 at which time plaintiff brought a suit in equity for an accounting for royalties due under a licensing agreement between the parties covering a patent for boilers. Defendant filed an elaborate answer to plaintiff's complaint and an extensive hearing was had.

Defendant admitted both in its pleadings and testimony that payments were due plaintiff in the sum of $18,074.75, covering the period from October 1, 1948, to September 30, 1951, but the testimony indicated that additional royalties were due, especially on the sales of so-called PH and MG type boilers which, as the court determined, were covered by the patent. Accordingly the chancellor entered judgment in favor of plaintiff and against defendant for the sum of $18,-074.75, plus interest in the amount of $2,173.63, or a total of $20,248.38, but further ordered and decreed that defendant should account to plaintiff for all other royalties due under the agreement, and that all books of account and other records pertaining to the matter should be opened to plaintiff for a full and complete examination. The court en banc dismissed all exceptions to the adjudication. Defendant then appealed to this court which affirmed the final decree of the court below (*Hook, Exrx., v. Hook & Ackerman, Inc.,* 375 Pa. 278, 100 A. 2d 374).

As defendant did not comply with the order of the court to render an accounting plaintiff filed a so-called "Supplemental Complaint" in the nature of a petition

seeking enforcement of the court's decree. Hearing thereon being had and it being found that defendant had not so complied, the court, under its continuing equity jurisdiction, again ordered defendant to account for all royalties and to open its books to plaintiff or be in contempt. Thereupon defendant filed an account admitting that the amount of the royalties due plaintiff down to and including the year 1953 was $36,781.58, this being in addition to the sum previously admitted and paid by defendant. No exceptions being filed to the account the court, pursuant to Pa. R. C. P. 1530 (d), entered judgment in favor of plaintiff and against defendant in the sum of $36,680.53 (slightly less than the amount admitted in the account) with interest amounting to $6,224.30, or a total of $42,904.83.

On the present appeal defendant complains that the original judgment of $20,248.38, was res judicata of the "Supplemental Complaint" in that testimony had been given at the original hearing of royalties which exceeded in amount the judgment then entered and which additional royalties are now covered in the present judgment. There is no merit in this contention. It was proper for the court to enter the original judgment for the amount then admitted to be due and at the same time to order an accounting for all further sums then in controversy as well as those subsequently accruing. Defendant admits that there is no duplication between the two judgments and, having filed the present account, cannot challenge plaintiff's right to recover what the account admits to be due.

The order and the decree of the court entering judgment are affirmed, costs to be paid by appellant.