Vanderveer, Appellant, *v*. Erie Malleable Iron Company.

Argued September 26, 1955. Before Stearne, Jones, Chidsey, Musmanno and Arnold, JJ.

*Ralph Hammar*, with him *Frank B. Quinn*, for appellants.

*Julian Miller*, with him *Enoch C. Filer* and *Brown, Critchlow, Flick & Peckham*, for appellee.

Opinion by Mr. Justice Jones, January 3, 1956:

In this case the plaintiffs sought an accounting in equity by the defendant company for royalties allegedly due under a written agreement licensing to the defendant the manufacturing use of certain patents on demountable rim wheels for automotively propelled ve-

hicles. Plaintiff Vanderveer was the inventor and patentee. The other plaintiff, Florence K. Walker, obtained her interest in the contract by assignment from Vanderveer of a share therein.

In its answer to the bill of complaint, the defendant averred that the licensing contract had been terminated on a specified date; that all royalties due the plaintiffs under the contract had been paid; and that, since a time antedating the termination of the licensing agreement, the defendant had made no use of the Vanderveer patents.

While a question as to the validity of a patent raises a matter cognizable in a Federal court, the materiality and relevancy of the scope of the patent here involved lie in its being an operative factor in determining the liability, if any, of the defendant company in the premises. Broadly speaking, a licensee of a patent may not deny its validity. It was said years ago by the Court of Appeals for the Third Circuit that, so long as the patent license agreement endures, the licensee is bound to pay the stipulated royalties whether the patent is valid or invalid: *Headley v. Barber Asphalt Co.*, 292 Fed. 119, 120. Several exceptions to the general rule have since been noted. But, with that, we need not now be concerned. The validity of the patent in the instant case is not questioned. But, its scope and whether its teaching was practiced in the manufacture of the defendant's product were questions which it was necessary for the court below to pass upon, no adjudication of the patent's breadth and intendment having yet been made by a Federal court. It came to light incidentally during the oral argument of this appeal that an infringement suit between the same parties with respect to the patent here involved is now pending in the United States District Court for the Western District of Pennsylvania but that the

progress of that suit had been stayed by stipulation of counsel awaiting the result of this case.

Nonetheless, the State court possesses jurisdiction to hear and determine an action for the recovery of royalties due under an agreement licensing the use of a United States patent. That question was directly raised and ruled in *Westinghouse Electric & Manufacturing Co. v. MacGregor,* 350 Pa. 333, 336, 38 A. 2d 244, cert. den. 323 U. S. 761; cf. also *Hook v. Hook & Ackerman, Inc.,* 383 Pa. 67, 117 A. 2d 714.

The findings of the learned chancellor are supported by substantial evidence and received confirmation by the court en banc. On the basis of the findings, the chancellor correctly concluded that the defendant did not use the plaintiffs' patent after the date of the termination of the licensing agreement; that the defendant accounted fully to the plaintiffs for all wheels produced under the license; and that the wheels produced by the defendant subsequent to the date of the termination of the licensing agreement did not infringe the plaintiffs' patent. The learned court was therefore warranted in entering the decree in favor of the defendant at the plaintiffs' costs.

Decree affirmed at appellants' costs.