Jewell W. VANDERVEER, Appellant,

v.

ERIE MALLEABLE IRON COMPANY.

No. 11951.

United States Court of Appeals Third Circuit.

Argued Oct. 16, 1956.

Decided Nov. 16, 1956.

Rehearing Denied Dec. 19, 1956.

511

Ralph Hammar, Erie, Pa., for appellant.

Julian Miller, Pittsburgh, Pa. (Brown, Critchlow, Flick & Peckham, Pittsburgh, Pa., Enoch C. Filer, Erie, Pa., for defendant-appellee on the brief).

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The question presented on this appeal is whether a state court decision in a suit for royalties under a patent license agreement that the licensee's device was not within the scope of the patent bars the litigation of the issue whether the same device infringes the same patent in a subsequent infringement suit between the same parties in the federal court.

The plaintiff, Jewell W. Vanderveer, and the defendant, Erie Malleable Iron Company, are both citizens of Pennsylvania. The plaintiff brought the present action in the District Court for the Western District of Pennsylvania seeking damages for the alleged infringement of his Patent No. 2,178,316 covering an invention for demountable rim wheels used in heavy trucks and trailers. The defendant moved for summary judgment, asserting that the Court of Common Pleas of Erie County, Pennsylvania, in a suit brought by plaintiff for an accounting under a royalty contract involving the same parties, the same patent, the same products of the defendant and

the same issue—whether those products were covered by Patent No. 2,178,316—had been decided adversely to the plaintiff and affirmed in all respects by the Supreme Court of Pennsylvania.[1] The defendant alleged that the plaintiff was precluded from relitigating the issue of infringement since the state court had decided that the wheels made or sold by the defendant after May 10, 1949 were not covered by and did not infringe plaintiff's patent. The district court noted that since the plaintiff did not assert that the defendant had changed or altered the design of its wheels at any time after May 10, 1949 no issue was presented as to any material fact. It accordingly concluded that the plaintiff was estopped by the state court judgment from asserting infringement and entered summary judgment for the defendant. The court also granted defendant's motion to strike the plaintiff's reply and counterclaim. 139 F.Supp. 340. This appeal followed.

The plaintiff contends that the state court decision in no way precludes the determination by the federal court of the infringement issue. In considering this contention we note that there are several points which the plaintiff does not dispute. One is that the state court was one of competent jurisdiction with power to determine in a case within its jurisdiction questions arising under the patent laws.[2] Another is that the state court in reaching its conclusion necessarily made inquiry into the fact whether the defendant would have been an infringer under the rules of patent law if it had not had a license.[3] A third is that the wheels made or sold by the defendant

after May 10, 1949 were all of the same type as those which were held in the state court proceedings to be noninfringing. While not controverting these propositions the plaintiff contends that the state court determination is not binding upon him in this suit in the federal court (a) because the two causes of action were different, the former being a suit on a license contract cognizable only in the state court and the latter a suit for patent infringement cognizable only in the federal court, (b) because the actions involved different periods of time, and (c) because the construction of patent claims is a matter of law as to which a state judgment is not res judicata in the federal courts. We find no merit in these contentions for reasons which will be stated.

As a general rule, while due process requires that a person shall have an opportunity to be heard by a court of competent jurisdiction upon a matter which affects his interest, parties are precluded by the doctrine of res judicata from relitigating controversies which have been settled by a valid final judgment of such a court. The principles underlying this doctrine have been so often stated and are so universally recognized that the citation of authorities is unnecessary. Under the doctrine of collateral estoppel, an aspect of res judicata, though the causes of action be different, a decision by a court of competent jurisdiction in respect to any essential fact or question in one action is likewise conclusive between the same parties in all subsequent actions,[4] and this applies to a state court judgment upon a contested issue which is sought to be applied in a

1.  Vanderveer v. Erie Malleable Iron Company, 1956, 384 Pa. 12, 119 A.2d 204.

2.  Pratt v. Paris Gas Light & Coke Company, 1897, 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458.

3.  Cold Metal Process Co. v. United Engineering & Foundry Co., 3 Cir., 1956, 235 F.2d 224, 229.

4.  Cromwell v. County of Sac, 1876, 94 U.S. 351, 353, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 1897, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355; Hart Steel Co. v. Railroad Supply Co., 1917, 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148; Restatement, Judgments, §§ 68–72; Scott, Collateral Estoppel by Judgment, 1942, 56 Harv.L.Rev. 1; note, Developments in the Law of Res Judicata, 1952, 65 Harv.L.Rev. 818, 840; Symposium—Collateral Estoppel, 1954, 39 Iowa L.Rev. 213.

suit between the same parties in a federal court.[5] The doctrine has been applied to state court judgments involving patent rights and such judgments have been held to bar relitigation of the identical issues in the federal court.[6] There is no logical reason why this rule should not apply to a state court judgment adjudicating an infringement question.

Although the bringing of actions arising under the patent laws is admittedly restricted to the federal courts[7] it has long been established that actions brought to enforce contracts of which a patent is the subject must in the absence of diversity of citizenship be brought in the state courts.[8] The Supreme Court has held that a state court is empowered to determine questions, as distinguished from cases, arising under the patent laws,[9] to try questions of title to patents, to construe and enforce contracts relating to patents,[10] and to determine the validity of patents,[11] and the court has given no indication that the conclusive effect between the parties of the determination of these questions is to be limited to the state courts. Indeed the Supreme Court indicated just the contrary in Becher v. Contoure Laboratories, 1929, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752. That was a case in which the defendant in a patent infringement suit set up the defense that the plaintiff was estopped by reason of a prior state court determination that he held the patent as a trustee ex maleficio for the defendant, the latter being the true inventor and the former having surreptitiously obtained the patent. The Supreme Court in discussing the question said, 279 U.S. at pages 391–392, 49 S.Ct. at page 357:

"It is said that to establish Oppenheimer's claim is to invalidate Becher's patent. But, even if mistakenly, the attempt was not to invalidate that patent but to get an assignment of it, and an assignment was decreed. * * * Again, even if the logical conclusion from the establishing of Oppenheimer's claim is that Becher's patent is void, that is not the effect of the judgment. Establishing a fact and giving a specific effect to it by judgment are quite distinct. A judgment *in rem* binds all the world, but the facts on which it necessarily proceeds are not established against all the world,

---

5.  Forsyth v. City of Hammond, 1897, 166 U.S. 506, 17 S.Ct. 665, 41 L.Ed. 1095; Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; United States v. Silliman, 3 Cir., 1948, 167 F.2d 607. Cf. Brusie v. Peck Brothers & Co., 2 Cir., 1893, 54 F. 820, 822.

6.  Becher v. Contoure Laboratories, 1929, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Talbot v. Quaker State Oil Refining Co., 3 Cir., 1939, 104 F.2d 967; Zachs v. Aronson, D.C.Conn.1943, 49 F.Supp. 696.

7.  28 U.S.C. § 1338.

8.  Merserole v. Union Paper Collar Co., D.C.S.D.N.Y.1869, 17 Fed.Cas. page 153, No. 9,488; Albright v. Teas, 1882, 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295; Dale Tile Manufacturing Co. v. Hyatt, 1888, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683; Wade v. Lawder, 1897, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851; Pratt v. Paris Gas Light & Coke Company, 1897, 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458; New Marshall Engine Co. v. Marshall Engine Co., 1912, 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513; Henry v. A. B. Dick Co., 1912, 224 U.S. 1, 14–15, 32 S.Ct. 364, 56 L.Ed. 645; Luckett v. Delpark, Inc., 1926, 270 U.S. 496, 46 S.Ct. 496, 70 L.Ed. 703; MacGregor v. Westinghouse Electric & Mfg. Co., D.C.W.D. Pa.1942, 45 F.Supp. 236, affirmed 3 Cir., 1942, 130 F.2d 870.

9.  Pratt v. Paris Gas Light & Coke Company, 1897, 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458.

10. New Marshall Engine Co. v. Marshall Engine Co., 1912, 223 U.S. 473, 478, 32 S.Ct. 238, 56 L.Ed. 513.

11. Pratt v. Paris Gas Light & Coke Company, 1897, 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458; Becher v. Contoure Laboratories, 1929, 279 U.S. 388, 391–392, 49 S.Ct. 356, 73 L.Ed. 752; MacGregor v. Westinghouse Electric & Mfg. Co., 1947, 329 U.S. 402, 407, 67 S.Ct. 421, 424, 91 L.Ed. 380.

Manson v. Williams, 213 U.S. 453, 455, 29 S.Ct. 519, 53 L.Ed. 869, and conversely establishing the facts is not equivalent to a judgment *in rem*.

"That decrees validating or invalidating patents belong to the Courts of the United States does not give sacrosanctity to facts that may be conclusive upon the question in issue. A fact is not prevented from being proved in any case in which it is material, by the suggestion that if it is true an important patent is void—and although there is language here and there that seems to suggest it we can see no ground for giving less effect to proof of such a fact than to any other. A party may go into a suit estopped as to a vital fact by a covenant. We see no sufficient reason for denying that he may be equally estopped by a judgment. See Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458".

It is also well established that res judicata is fully applicable to cases of patent infringement.[12] It necessarily follows, we think, that a finding by a state court in a suit for royalties under a license agreement that the licensee's product was not within the claims of the patent must be given the effect of collateral estoppel in a subsequent infringement suit between the same parties in the federal court to the extent of precluding assertion by the patent owner that the same product infringes the claims of the same patent. The fact of noninfringement must be taken as conclusively established. Beyond this, however, the federal court is not bound by the judgment of the state court but may frame its own judgment consistently with all the facts of the case, the established fact of noninfringement as well as any others.

The plaintiff's contention that the doctrine of res judicata is not applicable because the two actions involved different periods of time is without merit. The pertinent fact is that the defendant's wheel alleged to infringe was exactly the same type of wheel which was the basis of the plaintiff's claim in the state suit for royalties under the license agreement and the patent involved in each suit was the same. Under these circumstances both reason and authority [13] call for the application of the doctrine of res judicata even though different periods of time are involved.

■ Likewise the contention cannot be accepted that res judicata is not applicable because the question as to which the estoppel is raised is one of law. It may be conceded that the question of construing the claims of a patent is one of law [14] in the sense that, as in the case of other integrated documents, it is a question for the court and not the jury. But the question of infringement involves also questions of fact, such as the nature of the devices alleged to infringe and whether in fact they are within the patent claims as the court has construed them. Thus the finding of infringement is a finding of fact,[15] of the type sometimes called a conclusion of ultimate fact, as to which the doctrine of res judicata is applicable.[16] Indeed it will be remembered in this connection that even the determination of a pure question of law is

12. Hart Steel Co. v. Railroad Supply Co., 1917, 244 U.S. 294, 297-298, 37 S.Ct. 506, 61 L.Ed. 1148; Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 1941, 120 F.2d 82, 139 A.L.R. 1.

13. See Tait v. Western Maryland Ry. Co., 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L. Ed. 1405.

14. Singer Mfg. Company v. Cramer, 1904, 192 U.S. 265, 275, 24 S.Ct. 291, 48 L. Ed. 437; Sanitary Refrigerator Co. v. Winters, 1929, 280 U.S. 30, 36, 50 S. Ct. 9, 74 L.Ed. 147; Minnesota Mining & Mfg. Co. v. Carborundum Co., 3 Cir., 1946, 155 F.2d 746, 749.

15. Leeds & Catlin Co. v. Victor Talking Mach. Co., 1909, 213 U.S. 301, 312, 29 S. Ct. 495, 53 L.Ed. 805; Stilz v. United States, 1925, 269 U.S. 144, 147, 46 S.Ct. 37, 70 L.Ed. 202; Faulkner v. Gibbs, 9 Cir., 1948, 170 F.2d 34, 37, affirmed 338 U.S. 267, 70 S.Ct. 25, 94 L.Ed. 62.

16. The Evergreens v. Nunan, 2 Cir., 1944, 141 F.2d 927, 152 A.L.R. 1187; Restatement, Judgments, § 68.

ordinarily treated as res judicata in a later suit between the same parties arising out of the same subject matter if no unjust result will follow.[17]

The district court in the present case carefully reviewed the findings of noninfringement of the trial judge in the state court case, and the opinion of the Supreme Court of Pennsylvania confirming these findings, and concluded that the plaintiff was estopped from asserting that the same wheel which was held not to be within the patent in the state case had infringed his patent. We think the court was right in doing so. This, as we have seen, he was barred from doing and the court was right in so holding. The plaintiff contends that section 71 of the Restatement of the Law of Judgments supports his position. Section 71 states:

"Where a court has incidentally determined a matter which it would have had no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly."

The section, as the comments appended to it indicate, is primarily directed to cases involving title to land in another state, which has always been regarded as presenting a special case,[18] and to cases in courts of limited jurisdiction. It is true that reference is also made in the comments to the applicability of the rule stated in the section to cases in state and federal courts. But unless narrowly confined to the determination of patent invalidity as such, that comment would seem to be in conflict with Justice Holmes' statement in the Becher case which we have quoted. Certainly under the doctrine of that case the determination by a state court of a fact which would lead to the conclusion that a patent is invalid must be given conclusive effect in a subsequent suit under the patent laws between the same parties in the federal court. And since the distinction is a narrow and rather technical one it may well be doubted whether the rule enunciated by section 71 is applicable in a state-federal setting even to the extent suggested by comment c.

█ The plaintiff also asserts as error the granting by the district court of the defendant's motion to strike the plaintiff's reply and counterclaim. This came about under the following circumstances: The defendant answered the complaint by denying infringement. In a counterclaim for a declaratory judgment of noninfringement the defendant asserted that the claims of the patent would be invalid if construed broadly enough to cover any wheels made or sold by the defendant after 1945. The plaintiff filed a reply to the defendant's counterclaim and by way of counterclaim on his part sought restitution for an alleged breach of trust and unfair dealing which he predicated on the allegations of invalidity in the defendant's counterclaim. The plaintiff's proposition requires little discussion. It can readily be seen that the defendant's claim of invalidity was based solely on the theory that the patent was broad enough to support a finding of infringement. It was advanced solely as a possible defense which would be available if the court should adopt that theory in spite of the defendant's opposition to it. Since the state court judgment that the defendant's wheel is not within the claims of the patent has conclusively determined the infringement issue against the plaintiff the basis for the defendant's counterclaim fails. It has thus been determined that the plaintiff's claim of breach of trust on the part of the defendant does not grow out of the original cause of action, and that no cause over which the court had jurisdic-

---

17. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 598–601, 68 S.Ct. 715, 92 L.Ed. 898; Restatement, Judgments, § 70.

18. See the comments of Judge Goodrich in United States v. Silliman, 3 Cir., 1948, 167 F.2d 607, 615.

tion remained in the district court to be litigated.[19]

The judgment of the district court will be affirmed.

19. Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895.