Benjamin MESSING, Harry Jacobs and The Jason Corporation, Plaintiffs,

v.

The BARR CORPORATION, Defendant.

Civ. A. No. 15352.

United States District Court
E. D. New York.

Jan. 10, 1957.

Henry R. Ashton, New York City, for plaintiffs. Harry R. Pugh, Jr., Ronald F. Ball, New York City, of counsel.

Rogge, Fabricant, Zucker & Gordon, New York City, for defendant. O. John Rogge, Murray A. Gordon, Alma S. Flesch, New York City, of counsel.

GALSTON, District Judge.

This is a patent infringement suit involving two patents, both issued to the plaintiff Messing on his applications filed respectively August 12, 1947 and February 21, 1950. The patents issued on the same day, December 9, 1952, No. 2,621,139 for a laminated sheet material and methods of making such material, and No. 2,621,138 for a method of forming laminated quilted material. The complaint alleges infringement of both of these patents and seeks the usual relief.

The answer of the defendant denies infringement and sets up important sep-

arate defenses. It is alleged that the alleged inventions are not new, and were known to others, and were patented, described in printed publications and in public use.

The defense also alleges that the subject matter of the alleged inventions was obvious, at the time that they were made, to a person having ordinary skill in the art. It is also claimed that the patents are indefinite and functional, and fail particularly to point out and distinctly claim what the supposed inventions are. It is claimed that Messing did not invent the subject matter of the patents, that they are not practically operative under normal working conditions and are, therefore, without utility.

It is alleged too that the plaintiffs come into the court with unclean hands in that the patents were procured through intentional misrepresentations of material facts which bore upon the question of novelty and utility.

The answer alleges that in a prior action in the Supreme Court of the State of New York, Queens County, entitled The Jason Corporation v. The Barr Corporation, Robert Shevett and Irving S. Kramer, the plaintiff therein claimed ownership of trade secrets, the subject of the aforesaid patents, and claimed in that state court action that the defendants herein had wrongfully appropriated the trade secrets in carrying on operations which are the same operations as those complained of in this suit, and that by the decision and opinion of the court it was found:

"* * * it is abundantly clear that a product generally similar to plaintiff's is being produced independently by several other manufacturers in the exercise of the same scientific principles. The quality of the plaintiff's product is the result of longer experience rather than any recondite learning. * * * The whole enterprise impresses the Court as the development of a business by the refinement of skill in the application of accepted principles rather than evolution from scientific discovery."

The complaint in the state action was accordingly dismissed on the merits, and no appeal from that judgment was prosecuted.

The matter now before this court is a motion by the defendant for summary judgment pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion was vigorously presented. In essence the dismissal of the complaint is sought on the defense of res judicata and estoppel.

But difficulties are disclosed in the papers before me which bear on the validity of these contentions. In the first place it appears that the complaint in the state court action was begun on June 8, 1950, and was concluded in favor of the defendant on January 4, 1951. On the other hand, the patents in suit were not issued until December 9, 1952, though both applications were filed and pending. It is clear, therefore, that though in the state court action Messing testified that his invention and the secret which was alleged by him to have been appropriated by the defendants in that action were the same, it cannot be resolved on the papers before me that the general term "invention", as used in the state court action, is identical to the claims of the two patents in suit. It may very well be that in the trial of this action the defendants will be able to develop that point, but it cannot be determined on this motion. The critical issues in the state court action involved the appropriation and use by the defendants of secret improvements in the manufacture and method and machinery employed in the making of the product in the plant of the plaintiff. It must be observed that in the state court action the determination of those issues did not involve the validity of the patents in suit, nor of the infringement of any of the claims of the patents.

Inferentially it must follow that the decision of the basic issues in the state court action cannot conclude the plain-

tiffs in the pending suit in respect either to the validity or the infringement of the claims herein, or indeed to the determination of the scope of the claims. Nor does the answer in this suit set forth any printed publication, whether of prior patents or otherwise, in support of the defenses alleged in the answer. The plaintiff's prayer for relief in the state court action is of some significance on that argument too, for it was sought to enjoin the defendants from manufacturing or selling "any product made by the methods and equipment used by the plaintiff" or from building or using "any equipment or parts of equipment which were copied from the plaintiff's equipment or parts thereof."

■■ Bearing generally on the subject of res judicata and estoppel, the following cases are of interest: Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195, where it was said:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

See also North Carolina R. Co. v. Story, 268 U.S. 288, 45 S.Ct. 531, 533, 69 L.Ed. 959, where it was said:

"It is well settled that the principle of res judicata is only applicable to the point adjudged and not to points only collaterally under consideration, or incidentally under cognizance or only to be inferred by arguing from the decree. Hopkins v. Lee, 6 Wheat. 109, 114; Norton v. Larney, 266 U.S. 511, 517. The reasoning and opinion of the court are not res judicata unless the subject-matter in issue be definitely disposed of by the decree."

See also Travelers Insurance Company v. Commissioner of Internal Revenue, 2 Cir., 161 F.2d 93, certiorari denied 332 U.S. 766, 68 S.Ct. 74, 92 L.Ed. 351; and United States v. Rodiek, 2 Cir., 117 F.2d 588, affirmed without opinion, 315 U.S. 783, 62 S.Ct. 793, 86 L.Ed. 1190.

Defendant cited at the argument Vanderveer v. Erie Malleable Iron Company, 3 Cir., 238 F.2d 510. This case, however, does not go to the controlling authority for which the defendant contends. In that case it was observed that although bringing of actions arising under patent laws is restricted to federal courts, actions brought to enforce *contracts* of which the patent is the subject must, in the absence of diversity of citizenship, be brought in the state courts. The court held that the state court had authority, as thus appears, to adjudicate, the rights arising out of a contract. Though Judge Maris did add that "the determination by a state court of a fact which would lead to the conclusion that a patent is invalid, must be given conclusive effect in a subsequent suit under the patent laws between the same parties in the federal court," I cannot interpret that case as going so far as to compel this court to hold that a patent

which had not been issued was invalid or not infringed.

Accordingly the motion for summary judgment must be denied.

Settle order.