COLLIDOTRONICS, INC. Keystate Insurance Agency, Inc., Harry Ostroff, Edward I. Krensel and Louis H. Levitt

v.

The STUYVESANT INSURANCE COMPANY, Staff Adjusters Corporation, and General Acceptance Corporation.

Civ. A. No. 30713.

United States District Court
E. D. Pennsylvania.

Oct. 14, 1968.

---

Lynwood F. Blount, Philadelphia, Pa., for plaintiffs.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

WOOD, District Judge.

The defendants here have moved under Rule 56 for summary judgment. Since the issues involved are complex, a statement of the relevant history of the case is necessary before reaching the questions presented.

Plaintiffs commenced this action in December 1961 by filing a complaint consisting of three separate counts: The

first count was based on the alleged breach by Staff Adjusters Corporation of an exclusive franchise agreement with Collidotronics to promote and market its damage assessment service, and on an alleged conspiracy by defendants to deter sales of that service. In the second count, Keystate Insurance claimed damages from Stuyvesant Insurance Company stemming from the allegedly illegal termination of an agency agreement between Keystate and Stuyvesant. The third count was a claim by Keystate and the individual plaintiffs against Stuyvesant alleging unfair competition by Stuyvesant's tortious arrangement of its accounting procedures to create the false impression that Keystate was delinquent in its premium payments to Stuyvesant, and alleging a conspiracy among the defendants to destroy the reputation of Keystate among insurance brokers so as to drive Keystate out of business and allow defendants to acquire control of Collidotronics. In the same count, plaintiff charged both defendants with business defamation, unfair competition, and tortious interference with a business relationship. On these grounds, plaintiff seeks an accounting, damages, and appropriate injunctive relief.

Two months before the plaintiffs filed their complaint in the Federal Court, Stuyvesant had filed a complaint in equity against Keystate in the Court of Common Pleas of Montgomery County, Pa. The Stuyvesant Insurance Company v. Keystate Insurance Agency, Inc., et al., C. P. Montgomery County 1961, No. 61–9718. In that suit, Stuyvesant sought an accounting, injunctive relief, and the return of over $200,000 allegedly withheld from Stuyvesant by Keystate. In March 1962, Keystate filed a counterclaim asserting claims and requesting relief which is substantially the same that was sought in counts two and three of the Federal complaint.

Meanwhile, in January 1962, the defendants in the Federal action had moved for dismissal for lack of jurisdiction because there was no diversity of citizenship among the parties. Affidavits were submitted averring that while Stuyvesant was a New York corporation and Staff Adjusters, a Delaware corporation, both had their principal place of business in Allentown, Pennsylvania. Had the court been satisfied that under 28 U.S.C. § 1332, Pennsylvania was in fact the principal place of business of Stuyvesant and Staff Adjusters, the Federal action would have been dismissed, since under § 1332 a corporation is deemed a citizen of the state where its principal place of business is located.

However, before that motion was decided, the plaintiffs amended their Federal complaint stating a Federal cause of action, thereby avoiding potential dismissal for lack of diversity. This fourth count incorporated by reference the acts alleged in the first, second and third counts, and alleged a conspiracy among the defendants to perform these acts. Plaintiffs sought treble damages for violation of the Sherman Act Section 1 on this count. Judge Joseph S. Lord, III subsequently dismissed the defendants' motion to dismiss for lack of diversity as moot in view of the plaintiffs' amended complaint.

At this point the defendants moved to stay proceedings in the Federal Court pending the decision of the State Court on the plaintiffs' claims. Judge Van Dusen, then District Judge, now Third Circuit Court Judge, held, inter alia, that no further discovery would be permitted on the second and third counts, or on the fourth (antitrust) count insofar as it referred to the second and third counts. Discovery was permitted to continue on the first count (since it was unrelated to the Montgomery County case) and on the fourth count as it related to the first count.

The Montgomery County Court held for Stuyvesant and against Keystate on substantially all issues involved in the Keystate counterclaim. This decision was upheld on appeal to the Superior Court, and to the Supreme Court of Pennsylvania.

In November 1965, plaintiffs amended their complaint to include as a defendant the General Acceptance Corporation (GAC). It has been stipulated by counsel that Staff Adjusters and Stuyvesant are wholly-owned subsidiaries of GAC. The defendants answered and asserted a set-off and counterclaim. The set-off was for $197,699.70 plus interest, which was and is still unsatisfied from the state judgment against Keystate. The counterclaim alleged that Collidotronics, Ostroff, Levitt and Krensel had executed a promissory note in 1960 in the amount of $25,000 payable to GAC, and that the plaintiffs had defaulted on payments of this note.

After several more years of pre-trial jousting, the substance of which is not germane to the issues before us, the Federal case has finally found its way to trial. Defendants have moved for summary judgment on the grounds that plaintiffs are barred from litigating in this Court issues which have already been decided by the State Courts. Plaintiffs resist this motion on the general grounds that "summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy * * *"

█ It is clear to us that the claims in counts two and three of the Federal complaint were fully and exhaustively determined in the State Court. Plaintiffs' counterclaim in the State Court stated the same claim in almost identical language to counts two and three here, and sought the same relief as they seek here. Plaintiffs are therefore barred from raising these claims in this Court. Williamson v. Columbia Gas and Electric Corp., 186 F.2d 464 (3rd Cir. 1950), cert. denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951); Clemens v. Central Railroad Company of New Jersey et al., 399 F.2d 825 (3rd Cir. 1968). The findings of the State Court are binding not only on the parties to that action but also upon their privies who were present in and controlled the prior adjudication. Re-

statement of Judgments, § 83 et seq.; Williamson v. Columbia Gas and Electric Corp., supra; Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510 (3rd Cir. 1956). Judge Van Dusen stated in a previous order in this case that the individual and corporate plaintiffs are the same parties who participated in and controlled the State Court proceedings. We concur and grant summary judgment on counts two and three.

█ The disposition of the fourth (antitrust) count raises some more difficult problems which were not urged on us by the plaintiff, but consideration of which we deem necessary to dispose of this case. As stated previously, the fourth count alleges that the acts alleged in the first three counts were performed as part of a conspiracy in violation of Section 1 of the Sherman Act. The issues raised in the second and third counts have already been litigated and determined adversely to the plaintiff in the State Court, and the findings of fact of the State Court will bar plaintiffs from relitigating those issues here. Singer v. A. Hollander and Son, 202 F.2d 55 (3rd Cir. 1953).

█ There is some authority to the effect that, contrary to the normal rules of res judicata and collateral estoppel that matters actually litigated and determined in a prior action cannot be relitigated, in actions under the Federal antitrust acts Federal courts under certain circumstances will not be bound by previous determinations of State Courts. Lyons v. Westinghouse Electric Corp., 222 F.2d 184 (2nd Cir. 1955), cert. denied Walsh v. Lyons, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955). See Note, Collateral Estoppel Effect of State Court Judgment in Federal Antitrust Suits, 51 Calif.L.Rev. 955 (1963); Comment, 8 Stan.L.Rev. 439 (1956). In Lyons, however, the issue in the State Court was raised as an affirmative defense and there were no findings of fact other than the ultimate conclusion that defendants had failed to sustain their antitrust defense. Here there were detailed findings of fact on the merits of

the counterclaim in the State Court. Moreover, in this Circuit we feel bound by the decision of Judge Goodrich in the *Singer* case, supra, in which he said at 202 F.2d 57:

" \* \* \* that although the decision made by New Jersey's highest court on New Jersey law is not a decision governing either liability or immunity under federal statutes, nevertheless facts found through litigation in any form are in general conclusive upon the parties and those in privity with them in litigation thereafter."

Plaintiffs are therefore barred from relitigating the issues in counts two and three as they relate to count four. The only allegations remaining in the antitrust count are those incorporated in that count from count one, and the question becomes whether this remainder is sufficient to withstand defendants' motion for summary judgment.

■■ Under Rule 56 of the Federal Rules of Civil Procedure, upon a motion for summary judgment, this Court is directed to render judgment,

" \* \* \* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* \* \* \* " (emphasis supplied).

Admittedly, summary judgment is to be employed sparingly, especially in antitrust cases where there may be complex factual issues involved. See Wright, Federal Courts § 99, and cases cited. However, we think that once plaintiffs' fourth count is stripped of the issues raised in the second and third counts and reincorporated in the fourth, that there remain no genuine issues of material fact to be decided on the antitrust count. The first count is essentially a claim for breach of an exclusive franchise agreement between Collidotronics and Staff Adjusters under which the latter engaged to promote and market the Collidoscope system for assessing

automobile damage. We do not see how the breach of this contract could of itself support the antitrust allegations in the fourth count. Nor did counsel for the plaintiff suggest to us on argument any material issue of fact derived from the first count bearing on the fourth count. To the contrary, he confessed that if we ruled favorably to the defendant on the res judicata and collateral estoppel defenses, that count four would fall along with counts two and three.[1]

■ Accordingly, we will grant summary judgment for the defendant on the fourth count as well. This leaves remaining before us the first (contract) count, as well as the set-off and counterclaim of the defendants. Because these are claims grounded in state law, and since it is stipulated that all parties are either residents of Pennsylvania or have a principal place of business in Pennsylvania, there is no independent ground for Federal jurisdiction of these claims. Under these circumstances, once a Federal claim has been dismissed, this Court has discretion whether to proceed and hear a related state claim under the doctrine of pendent jurisdiction. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 1 Barron and Holtzoff, Federal Practice §/23; Wright, Federal Courts § 19. In the Gibbs case, the Supreme Court said in part at 383 U.S. 726, 86 S.Ct. 1139 that this

" \* \* \* power need not be exercised in every case in which it is found to exist. \* \* \* Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."

We feel that the state claims here are "substantially predominate" and that therefore there is no sound basis for a Federal court to hear the remaining claims. Accordingly, we will dismiss without comment on their merit count one as well as the defendants' set-off and counterclaim.

---

1. See, for instance, pp. 28–31, 33 of the transcript of argument.