MANUEL SAN JUAN COMPANY, Inc.,
et al., Plaintiffs,

v.

AMERICAN INTERNATIONAL UNDER-
WRITERS CORPORATION et al.,
Defendants.

AMERICAN HOME ASSURANCE COM-
PANY et al., Plaintiffs,

v.

INSULAR UNDERWRITERS CORPO-
RATION et al., Defendants.

Civ. A. Nos. 797–70, 948–70, 958–70
and 759–70.

United States District Court,
D. Puerto Rico.

March 1, 1971.

Baragaño, Trias, Saldaña & Francis, Hato Rey, P. R., for plaintiffs.

Wallace Gonzalez, Oliver, San Juan, P. R., for defendants.

## OPINION AND ORDER

CANCIO, Chief Judge.

The above captioned causes are now before the Court in connection with the following matters:

I. Motion of Manuel San Juan Company, Inc.* and Insular Underwriters Corporation (Insular), dated January 25, 1971, filed in action 797–70, whereunder said movants pray for extension of Paragraph II of the December 1st, 1970 Order to action 958–70;[1] and for an order directing the AIU companies and the Insurers[2] to produce the pertinent witnesses and documents that may be necessary for deposition in connection with the Motions for Remand filed by San Juan and Insular, dated October 8, 1970 (in 797–70) and November 13, 1970 (in 958–70).

II. Motion of Opposition to I above filed on February 2, 1971 by the AIU companies and the Insurers in both actions 797–70 and 958–70.

III. Motion to Stay Enforcement of Order Pending Appeal filed by Insurers on February 4, 1971 in action 759–70, whereunder they seek a stay of enforcement of the January 15, 1971 Order pending appeal.

IV. Opposition of San Juan and Insular to III above filed on February 5, 1971.

V. Motion to Remand filed by San Juan and Insular in action 948–70 dated November 13, 1970.

VI. Motion of Opposition to V above filed on February 11, 1971 by AIU PR and other defendants.

---

* (hereinafter "San Juan")

1. Originally the Motion referred to both actions 948–70 and 958–70, but all references to 948–70 were deleted from the Motion by amendment in open Court.

2. References herein to AIU comprise American International Underwriters Corporation (AIUC), American International Underwriters (Latin America), Inc. (AIU LA) and American International Underwriters (Caribbean), Inc. (AIU Carib-bean) in cases 797–70 and 958-70, and American International Underwriters (P.R.) Inc. (AIU PR), in case 948–70; and the references herein to Insurers comprise Firemen's Insurance Company of Newark, New Jersey, The Hanover Insurance Company of New York, Commercial Insurance Company of Newark, New Jersey, and American Homes Assurance Company, as parties in actions 759–70, 797–70 and 958–70.

VII. Directly related to III above is the Application for Order to Show Cause filed by San Juan and Insular in action 759–70, under date of February 5, 1971, whereunder applicants request the issuance of an order directed to the AIU companies, the Insurers and other appellants to show cause why the Joint Notice of Appeal and other proceedings related to such Notice of Appeal should not be stayed.

VIII. Application for Order to Show Cause filed by San Juan and Insular in action 958–70 under date of February 13, 1971, which is similar to VII above.

IX. Motion to Stay Enforcement of Order Pending Appeal filed on February 11, 1971, by the AIU companies and the Insurers, in action 958–70, and which aims at the January 15, 1971 Order.

The Court has heard ample argument in regard to the controversies which arise from the pleadings described hereinabove, and so being fully advised on said matters, the Court finds:

1. The litigation described hereinabove, which comprises four actions, arose from the same nucleus of facts to wit: that on September 22, 1970, the AIU companies and the Insurers served on San Juan and Insular Notices entitled Termination of Agency Agreements, whereunder San Juan and Insular were advised that General Agency Agreements and relations between San Juan and Insular and the respective Insurers would be terminated effective December 31st, 1970.

2. On that same date of September 22, 1970, the Insurers filed Declaratory Judgment Action 759–70 in this Court against San Juan and Insular, praying that this Court declare that the termination of said General Agency Agreements is "lawful and effective and does not constitute a violation of the Dealer's Contract Law (Law 75, 1964)." The complaint placed strong reliance upon the decision rendered by the Court of Appeals for the First Circuit in Fornaris v. Ridge Tool Company, 423 F.2d 563, March 17, 1970, which was subsequently reversed by the United States Supreme Court on November 23, 1970 (400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174).

3. On the same date of September 22, 1970, San Juan and Insular, claiming that any attempted cancellation without just cause would violate Law 75, and would, consequently, constitute a breach of the General Agency Agreement, filed an action in the Superior Court (San Juan) against the AIU companies, the Insurers and other parties, and, at the time of the filing of their complaint, they obtained from the Superior Court an order dated September 22, 1970, under Rule 56 of the Commonwealth Rules of Civil Procedure which, in essence, inhibited the AIU companies and the Insurers from terminating the General Agency Agreements or disrupting in any manner the General Agency relationship between Insurers and San Juan and Insular. Upon timely removal, this action became 797–70 in this Court, and Motion to Remand was filed by San Juan and Insular on October 8, 1970.

4. On October 21st, 1970, the Court heard the parties in connection with an application by the AIU companies and the Insurers, requesting dissolution of the September 22, 1970 Superior Court Rule 56 Order and, since the October 8, 1970 Motion to Remand was still pending adjudication, the parties agreed in open Court that they would submit any and all evidence related to the Motion for Remand by depositions of their respective witnesses, which would be accompanied by briefs as to pertinent points of law. The Court so ordered.

5. On October 29, 1970, the Court ordered the dissolution of the September 22, 1970 Superior Court Order, and merely prohibited the making of any new General Agency Agreements between Insurers and third parties.

6. On October 31, 1970, San Juan and Insular filed a Motion for Reconsideration and other purposes addressed to said October 29, 1970 Order. Strong reliance was placed in this Motion upon the rules of abstention and deference to the Commonwealth Courts, established in several cases.

7. While said Motion for Reconsideration and other purposes was pending adjudication, the Supreme Court of the United States reversed the decision rendered by the Court of Appeals, First Circuit, in Fornaris v. Ridge Tool Company, *supra,* invoking the rules of abstention and deference to the Commonwealth Courts, and the United States Supreme Court directed the Court of Appeals and this Court as follows:

"We therefore reverse and *direct the Court of Appeals to remand the case to the District Court with instructions to hold its hand until the Puerto Rican Supreme Court has authoritatively ruled on the local law question[5] in light of the federal claims.*" (Emphasis added).

Footnote number 5 expanded upon "the local law question" when it referred to the broad powers conferred by 32 L.P. R.A. 2991 upon the Puerto Rican courts "to declare rights, status and other legal relations whether or not further relief is or could be claimed."

8. In view of the Supreme Court's decision, this Court took the following action:

Action 797–70: The Court reconsidered the October 29, 1970 Order, and, by Order dated December 1, 1970 (i) vacated the October 29, 1970 Order; (ii) reinstated the Superior Court's September 22, 1970 Order; and (iii) directed the parties to proceed with due diligence to the filing of the depositions and briefs they had promised in connection with the remand issue.

Action 958–70: Being similar to action 797–70, this Court, by Order entered January 15, 1971, reinstated a Superior Court Rule 56 Order dated November 16, 1970 (which was similar to the one reinstated in 797–70).

Action 759–70: The Court refused to convert into preliminary injunction a restraining order which had been issued against San Juan and Insular and, pursuant to the United States Supreme Court's decision in *Fornaris,* ordered a stay of this action in that this action was largely predicated upon the Court of Appeals' decision which was reversed by the Supreme Court.

9. Under date of December 30, 1970, the Court of Appeals entered the following judgment in the *Fornaris* case:

"Pursuant to the Judgment of the Supreme Court of the United States, dated November 23, 1970, a copy of which was forwarded by the Clerk thereof under date of December 21, 1970 after the same had become final, the within cause is remanded to the United States District Court for the District of Puerto Rico, and said Court is instructed to take no further proceedings herein, or in any other case involving Law 75, so called, until the Supreme Court of Puerto Rico has 'authoritatively ruled on the local law question in the light of the federal claims.'"

10. The AIU companies and the Insurers filed Notices of Appeal from the December 1st, 1970 Order, and from the January 15, 1971 Order, and, in connection therewith, they have requested stays of enforcement of the Orders appealed from which San Juan and Insular oppose. On the other hand, San Juan and Insular desire to move forward with all pending motions to remand in 797–70, 948–70 and 958–70 which the AIU companies and the Insurers strongly oppose. Additionally, San Juan and Insular request that the appeals in 759–70 and in 958–70 be stayed. No such action is requested by them in regard to 797–70 because their application for stay did not reach this Court until after the Court of Appeals had docketed the appeal, but they stated in open court that they would seek such stay before the Court of Appeals.

In the light of the foregoing, the Court now considers the issues raised in the several pleadings described hereinabove.

FIRST: In regard to the Motions described in I and II above, the AIU companies and the Insurers contend that the Court of Appeals' stay of proceedings in the case of Fornaris v. Ridge Tool Company, *supra,* bars the taking of

1054

depositions relating to the remand issue. They further contend that the appeal to the United States Court of Appeals for the First Circuit from the Order entered in this cause on December 1, 1970 deprives this Court of jurisdiction at the present time to entertain Plaintiffs' Motion relative to the taking of such depositions.

The Court does not agree with either one of the arguments advanced by defendants in support of their Opposition.

■ While it is true that the United States Court of Appeals for the First Circuit entered a Judgment on December 30, 1970, instructing this Court " * * to take no further proceedings herein or in any other case involving Law 75, so called, until the Supreme Court of Puerto Rico has 'authoritatively ruled on the local law question in the light of the federal claims' ", this Court does not construe such Judgment as precluding consideration of a Motion to Remand which has been pending before this Court since October 8, 1970. The Motion for Remand raises the very basic question of the jurisdiction of this Court. If upon consideration of the merits of the Motion to Remand, this Court should become convinced that it does not have jurisdiction, it should proceed to grant the proper remedy, and the granting of such remedy, far from violating the *Fornaris* rules, would be entirely consistent therewith in that a remand decree involves no more than return of jurisdiction to the Commonwealth Courts when the case has been improperly removed. The Court finds nothing in the *Fornaris* decisions in conflict with the remedy of remand, if such remedy should become pertinent. In fact, if the Court did not approach this issue in this manner, what would it do in removed cases purportedly related to Law 75 where all parties are one hundred per cent citizens and residents of Puerto Rico and there is no federal question jurisdiction?

■ In ordering the taking of depositions to be able to adjudicate the remand issue, the Court complies with the letter and the spirit of the *Fornaris* cases, and with the rules of deference to the Commonwealth Courts recognized therein for pertinent cases. Moreover, if the depositions should lead the Court to the conclusion that it does have jurisdiction, the Court would then issue a stay in accord with *Fornaris* and no one would be harmed.

The Court concludes that *Fornaris* cannot become a vehicle or an excuse for indefinite retention of jurisdiction in an action if the action has been improperly removed and, consequently, the Court intends to adjudicate the pending Motions to Remand which have been filed in Actions 797–70 and 958–70.

In regard to the claim that the Notice of Appeal filed by them in each of such cases displaces the jurisdiction of this Court, to the point that it cannot consider the Motion described in I above, the Court finds such contention to be erroneous.

■ The Court recognizes the principle that the filing of a timely Notice of Appeal has the effect of immediately transferring jurisdiction from the District Court to the Court of Appeals, but that rule is not applicable in this instance. The rule which the Court believes should be applied in well stated at 9 Moore's Federal Practice, 2nd Edition, pages 736 to 739, i. e. whenever an attempted appeal is manifestly ineffective to invoke the jurisdiction of the Court of Appeals, or whenever the appeal is taken from a judgment which does not finally determine the entire action, the District Court is free to proceed with the matter improperly included in the Notice of Appeal and with matters not involved in the appeal as the case may be.

■■ In this instance, paragraph II of the December 1st, 1970 Order, which merely directed the parties to proceed with due diligence to the taking of the depositions and the submission thereof and of the corresponding briefs, is not appealable. Hence, the Court does not consider itself divested of jurisdiction in this aspect of the pending litigation. Furthermore, the Order directing the parties to submit depositions and briefs

for the adjudication of the pending Motion to Remand in 797–70 was made in open Court on October 21, 1970, and no appeal was taken from said Order.

SECOND: The motions and pleadings described in III, IV, VII, VIII and IX are closely interrelated, and the Court will consider them together. In essence, the AIU companies and the Insurers filed Joint Notices of Appeal in cases 759–70 and 958–70 and in connection therewith they seek a stay of enforcement of the Order appealed from. San Juan and Insular have countered in each instance with Applications for Order to Show Cause as to why these appeals should not be stayed, and they have likewise filed Oppositions to the Stay of Enforcement of the Orders appealed from which has been requested in each case by the AIU companies and by the Insurers.

The issues in the pending litigation and particularly in Actions 759–70 and 958–70 are essentially, first, whether the AIU companies and the Insurers have any just cause for termination of the Agency contract; and second, if not, whether Puerto Rico Law 75 precludes cancellation of the contract without just cause. The AIU companies and the Insurers, in 759–70, relied directly upon the *Fornaris* decision of the Court of Appeals for the First Circuit.

█ In view of the foregoing, this Court believes that the proper disposition for cases 759–70 and 958–70 is to stay the same without any further proceeding or hearing in relation to the applications for order to show cause pending therein. This Court has been instructed to hold its hand until the Supreme Court of Puerto Rico has ruled in connection with rights and legal relations pertaining to Law 75. The Court of Appeals for the First Circuit is subject to similar limitation by reason of the Supreme Court's decision of November 23, 1970. In view thereof, and except for consideration of any issue pertaining to remand in 958–70, we believe that all proceedings in 759–70 and 958–70 should be stayed.

Any other result will lead this Court to collisions with the Commonwealth Courts. For instance, if this Court issues any order of stay of enforcement pending appeal, it would be actually cancelling the provisions of the Rule 56 Order issued by the Superior Court in Action 958–70 and in Action 797–70. Moreover, the Supreme Court of Puerto Rico has under consideration at this time both the question of validity of this type of Rule 56 Order and the question of stay of enforcement pending review. This Court believes that it would be more in keeping with the *Fornaris* decision of the Supreme Court of the United States to permit the adjudication of these issues by the Supreme Court of Puerto Rico, in Castagnet v. Polaroid, 70–293.

The foregoing considerations lead us to the conclusion that proceedings in 759–70 and in 958–70 should be stayed.

THIRD: In regard to Action 948–70, the Court has considered the Petition for Removal and the Motion to Remand.

█ There seems to be no question whatsoever but that every single party-plaintiff and every single party-defendant therein is a citizen and a resident of Puerto Rico, and that there are no contacts whatsoever with any jurisdiction except Puerto Rico. It is evident, therefore, that there is no diversity of citizenship.

The Petition for Removal filed by AIU Puerto Rico and the other defendants is based on federal question jurisdiction.

Such federal question jurisdiction is predicated on the following:

(a) That the complaint alleges a conspiracy between the defendants in order to interfere with Plaintiffs' business, and this is said to constitute a cause of action based upon restraint of commerce under the Sherman Act. The Court finds nothing in the complaint that will support such analysis of the complaint. The complaint merely alleges that certain of the party-defendants are conspiring to deprive plaintiffs of their business. There is no allegation whatsoever of a conspiracy in restraint of trade or commerce which is essential under 15 U.S. C.A. Section 1. In this aspect, the

complaint relies exclusively upon the provisions of 32 L.P.R.A. Section 2761 and 31 L.P.R.A. 5141, and the allegations relative thereto deal directly with what might be more aptly described as a tortious interference with an existing contractual relationship. Plaintiffs are not claiming any attempt to monopolize the market or to restrain trade. United States v. Patterson, 55 F. 605 (C.C.Mass.1893); Sunbeam Corp. v. Masters of Miami, Inc., 5 Cir., 225 F.2d 191; Collidotronics, Inc. v. Stuyvesant Ins. Co., D.C., 290 F.Supp. 978; E. A. Weinel Const. Co. v. Mueller Co., D.C., 289 F.Supp. 293.

■ b) That the complaint to the extent that it includes a prayer that a declaratory judgment be entered forbidding defendants from discrediting plaintiffs' business, entails a declaratory judgment based on the scope of the first amendment of the United States Constitution. This is entirely far fetched and if the contention has any weight whatsoever, it would be solely by way of defense. Anticipated defenses cannot be federal questions and an action is not removable on the basis of an anticipated defense. I–A. Moore's Federal Practice, Pages 477 to 478.

c) That the complaint in the First Cause of Action entails a declaratory judgment under the due process clause of the Fourteenth Amendment. The Court views this argument in exactly the same manner as the ones set forth in "b)" above.

In the light of the foregoing considerations,

### IT IS HEREBY ORDERED:

1. The Motion of San Juan and Insular dated January 25, 1971, filed in Action 797–70 is granted, and all parties defendants in said action are hereby directed to appear, or to produce the pertinent documents and witnesses, as the case may be, for the taking of depositions, within 10 days from the date of entering of this order. As soon as the depositions are completed, the same shall be submitted to this Court so that the Court will be able to consider the Motion for Remand pending in said case.

2. The provisions of paragraph 1 hereinabove shall also apply to Action 958–70.

3. Except to the extent stated in paragraphs 1 and 2 above, all proceedings in Actions 759–70 and 958–70, are hereby stayed.

4. The Motions to Stay Enforcement of Order Pending Appeal, filed on February 4, 1971 in Action 759–70, and on February 11, 1971 in Action 958–70, are hereby denied.

5. Action 948–70 is hereby remanded to the Superior Court of Puerto Rico, San Juan Section, and the Clerk of this Court is hereby directed to send a certified copy of this Order to the Superior Court, so that said Court may be able to proceed therewith.

6. The Clerk of this Court shall not take any further steps in relation to the Joint Notices of Appeal filed in Actions 759–70 and 958–70.